## The Inhabitants of Standish *vs.* The Inhabitants of Gray.

A writ of error lies to the Court of Common Pleas, where the proceedings are first instituted before a Justice of the Peace, to remove a pauper to the place of his settlement, under the *st.* of 1821, *c.* 122, § 15, for the relief of the poor.

A settlement is gained in a town, under that statute, by the residence of a person therein, capable of gaining a settlement, for the space of five years together, without receiving supplies as a pauper within the time — although prior to the expiration of the five years, the inhabitants of that town, by their overseers, had made a complaint to a Justice of the Peace, to cause the removal of the alleged pauper to the place of his settlement, and a warrant had issued thereon, and had been served upon the town where his settlement then was.

THIS was a writ of error to reverse the proceedings on a complaint for the removal of *William Strickland* and *Mary Strickland*, as paupers, from *Standish* to *Gray*. The complaint and warrant were dated *April* 27, 1838, and was duly served upon the town of *Gray*, *April* 28, 1838. The trial before the Justice took place on *May* 31, 1838, who adjudged, that the alleged paupers were, through age and infirmity, likely to become chargeable to the town of *Standish;* that their legal settlement was in *Gray;* and that they should be removed to *Gray*. From this judgment the inhabitants of *Gray* appealed. On the twelfth of *April*, 1838, the overseers of the poor of the town of *Gray* wrote a letter, signed by them, to the overseers of *Standish*, in these terms. "*Gray*, *April* 12, 1838. *Messrs. Overseers of the Poor of the town of Standish*. We received a letter from you, by due course of mail, dated *April* 4, 1838, stating that a *William Strickland* and wife, inhabitants of our town, are very aged people and have no means of supporting themselves, and requesting that we shall make provision for their removal to our town. In answer, we would say to you, that we think it unnecessary to disturb them at present. We are willing to acknowledge them to be inhabitants of the town of *Gray*, without regard to their having lived in *Standish* for more than five years."

Standish *v.* Gray.

The record of the trial in the Court of Common Pleas, states, that " The only question presented in this Court resulted from the following facts, viz. It appeared that the said *William* and *Mary Strickland* had resided in said town of *Standish*, without receiving any supplies as paupers, for the period of five years, which expired a few days prior to the hearing and adjudication by and before the justice, but which period of five years did not expire until several weeks after the date of said complaint and warrant, and the service of the same upon the inhabitants of *Gray*. That is, that at the said time of hearing and adjudication, by the said justice, the said *William* and *Mary* had resided in the town of *Standish*, for the period of five years and a few days, but that at the time of the date of the complaint and warrant, and the service of the same upon the town of *Gray*, they had not resided in said *Standish* for the period of five years." Whitman C. J. was of opinion, that the legal settlement of *William* and *Mary Strickland* was in *Standish*, and denied an order for their removal to *Gray*.

*Swasey*, for *Standish*, contended, that the letter from the overseers of *Gray*, acknowledging the settlement of *Strickland* to be in *Gray*, estops that town from denying that the settlement was there. *Belfast* v. *Leominster*, 1 *Pick.* 123.

The case is to be determined upon the state of facts existing at the time the process was commenced. *State* v. *Fryeburg*, 3 *Shepl.* 405.

*Fessenden & Deblois*, for *Gray*, insisted, that the proper remedy, if any there be, is by *certiorari*, and not by writ of error. *Shirley* v. *Lunenburg*, 11 *Mass. R.* 379.

The overseers have no authority to bind the town. If the person resides within a town for five successive years, without receiving supplies as a pauper, under any circumstances, he thereby gains a settlement. There is no exception in the statute. These statutes are to be construed strictly and peremptorily, and the only inquiry is, whether the case is within the statute or not. *Seekonk* v. *Attleborough*, 7 *Pick.* 155; *Ware* v. *Wilbraham*, 4 *Pick.* 45; *Orange* v. *Sudbury*, 10 *Pick.* 22; *Canaan* v. *Bloomfield*, 3 *Greenl.* 172; *Dixmont* v. *Biddeford, ib.* 205; *Wiscasset* v. *Waldoborough, ib.* 388; *Hallowell* v. *Saco*, 5 *Greenl.* 143; *Rich-*

*mond* v. *Lisbon*, 3 *Shepl.* 434; *Raymond* v. *Harrison*, 2 *Fairf.* 190; *Standish* v. *Windham*, 1 *Fairf.* 97.

· The opinion of the Court was drawn up by

WESTON C. J. — It is objected, by the counsel for the defendants in error, that this process does not lie, when the proceedings are first instituted before a justice of the peace, but that in such case, the judgment of the Common Pleas must be final and definitive. By the *statute* of 1821, *c.* 122, § 16, a writ of error is allowed, in favor of the aggrieved party, to the Common Pleas, " in all their adjudications in the premises," which appears to us to embrace also cases under the preceding section, which provides for complaints before a justice.

But in our judgment, the defendants in error had a legal defence to the complaint before the justice, at the time of his adjudication. The parties, which it was the object of that process to remove, had then acquired a legal settlement in *Standish*, from a residence there for the space of five years together, without having received, from any town, directly or indirectly, any supplies as paupers. The previous inception of these proceedings, is not made an exception to a settlement under this mode. This statute has uniformly received a strict construction, of which very strong cases have been cited for the defendants. To acquire rights, or to avoid liabilities under the pauper laws, the conditions, upon which the right or the immunity depends, must be consummated. It is not enough, that a town has done all in its power, and that such consummation has been defeated by the providence of GOD, or inevitable accident. *Ware* v. *Wilbraham*, 4 *Pick.* 45; *Seekonk* v. *Attleborough*, 7 *Pick.* 155.

A cause of complaint may exist, when made, but it may be discharged, or may cease to operate, at the time of trial. Matter, arising during the pendency of a suit, may become available in defence. Hence, pleas averring facts, happening *puis darrein continuance*, are legally admissible. In a suit at law, there must not only be a cause of action, when brought, but it must exist at the time of trial. If the plaintiff subsequently receive payment, or give a release, his action is defeated. Here the complaint was

defeated, by the liability, which the law had, before trial, fixed and imposed upon the complainants.

The letter of the 12th of *April*, 1838, from the overseers of *Gray*, acknowledges the settlement of the paupers in their town, " without regard to their having lived in *Standish* for more than five years." This has reference to the period then past, and admits, what turns out to be true, that their settlement had not been changed upon that ground. It does not waive any right to set up a settlement there, which might subsequently attach, and cannot be enforced against *Gray*, beyond its terms. They may have further intended, by this letter, to put *Standish* unfairly off their guard. But if this was designed, it was not successful, for *Standish* preferred their complaint in a few days afterwards.

In our opinion, the error relied upon, in this case, has not been well assigned.

*Judgment affirmed.*